[No. 14893. Department One. — July 29, 1892.]

## CHARLES BOHNERT, RESPONDENT, *v.* JOSEPHINE BOHNERT, APPELLANT.

NEW-TRIAL STATEMENT — SPECIFICATIONS — REVIEW UPON APPEAL. — Where there is no specification of error in a statement on motion for new trial, errors alleged by the appellant to have been committed by the court during the trial will not be considered by the appellate court.

DIVORCE — ADULTERY — PLEA OF CONDONATION — QUESTION OF FACT — CONCLUSIVENESS OF FINDING. — In an action for divorce upon the ground of adultery, where the defendant, after denying the charge of adultery, alleged a condonation by the plaintiff, and his cohabitation with her after the bringing of the action; and the defendant testified that after the commencement of the action she went to a cottage with him at his request, where they undressed and went to bed together, and that they staid there most of the afternoon and had sexual intercourse; and the plaintiff testified that he did not have sexual intercourse with her, as stated by her, nor at any time after the commencement of the action, but did not say whether he had undressed and occupied the bed with her in the cottage, — a finding by the court against the plea of condonation is conclusive. The question of the plaintiff's credibility, and the probability of his statement in view of his failure to deny that he undressed and went to bed with the defendant, as stated by her, are matters for the determination of the trial court.

ID. — RESTORATION TO MARITAL RIGHTS — ACT OF SEXUAL INTERCOURSE. — The requirement of a "restoration of the offending party to all marital rights," under section 116 of the Civil Code, in order to constitute condonation, is not proved by evidence of sexual intercourse alone; and the fact that a wife charged with adultery went to a cottage with her husband at his request, and that they went to bed and had sexual intercourse, does not necessarily show forgiveness or intention on his part to take her back to his home and restore her to marital rights.

APPEAL from a judgment of the Superior Court of Siskiyou County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*H. B. Warren,* and *Gillis & Tapscott,* for Appellant.

*J. Chadbourne, Clay W. Taylor,* and *J. V. Brown,* for Respondent.

PATERSON, J. — This is an action for divorce, and the custody of a minor child. The court found the charge of adultery to be true as alleged in the complaint, and ren-

dered judgment in favor of the plaintiff, dissolving the bonds of matrimony, and awarding to him the custody of the child.

In their brief, counsel for appellant discuss a large number of errors alleged to have been committed by the court during the trial; but as there is no specification of error in the statement, they cannot be considered. (*Ferrer* v. *Home Mut. Ins. Co.*, 47 Cal. 427; *Fleming* v. *Albeck*, 67 Cal. 227; *Pico* v. *Cohn*, 67 Cal. 258.) The statute provides that "when the notice designates as the ground of the motion errors in law occurring at the trial, and excepted to by the moving party, the statement shall specify the particular errors *upon which the party will rely.*" (Code Civ. Proc., sec. 659.) The object of this provision is apparent: it is to enable the adverse party to prepare his amendments without the necessity of going through the statement proposed by the moving party to ascertain what objections, rulings, and exceptions are incorporated therein. Unless the alleged errors are specifically pointed out, they are deemed to have been waived by the moving party. He is bound to state upon what particular errors he will rely for a new trial.

The defendant, after denying the allegations of adultery, alleged that subsequent to the filing of the amended complaint, the plaintiff being fully informed as to the matters alleged therein, freely condoned all offenses committed by the defendant, freely forgave the defendant, and cohabited with her. The court found that the plaintiff did not condone or forgive, nor did he cohabit or have sexual intercourse with her, as alleged in the answer, and that there was not any reconciliation between the parties, or restoration of the defendant to any marital rights. This is the only finding of the court which is attacked as not supported by the evidence.

The defendant testified that after the commencement of the action she went to the hotel kept by the plaintiff; that he requested her to go down to the cottage; that she went to the cottage with him, where they undressed and

went to bed together; that they staid there most of the afternoon, and had sexual intercourse. The plaintiff testified that he did not have sexual intercourse with the defendant, as stated by her, nor at any time after the commencement of the action, but did not say whether he had undressed and occupied the bed with her in the cottage. Appellant insists that upon this state of the evidence the court ought to have found in favor of the defendant, on the defense of condonation.

It has been held that one act of sexual intercourse is conclusive evidence of condonation in cases of adultery (*Anonymous*, 6 Mass. 147), although it is not where the offense alleged is extreme cruelty or desertion. (*Gardner* v. *Gardner*, 2 Gray, 434; *Kennedy* v. *Kennedy*, 87 Ill. 250.) But however this may be, it is sufficient to say here that the court has found against the defendant on the plea of condonation, and its finding is conclusive. The question of the plaintiff's credibility, and the probability of his statement, in view of his failure to deny that he undressed and went to bed with the defendant, as stated by her, are matters for determination in the court below, and not here.

Furthermore, under our statute, one of the requirements necessary to condonation is "restoration of the offending party to all marital rights" (Civ. Code, sec. 116), and this requirement is not proved by evidence of sexual intercourse alone. The testimony of the defendant, taken as true, does not necessarily show forgiveness or intention on his part to take her back to his home and restore her to marital rights. (*Kennedy* v. *Kennedy*, 87 Ill. 254.)

Judgment and order affirmed.

GAROUTTE, J., and HARRISON, J., concurred.