[No. 15218.   Department Two.—June 23, 1894.]

## J. W. TAYLOR, APPELLANT, *v.* ANNIE A. KELLY, RESPONDENT.

FINDING—REVIEW OF EVIDENCE UPON APPEAL.—A mere doubt as to whether a finding is justified by the evidence will not authorize the appellate court to set aside the finding.

ID.—CONSTRUCTIVE TRUST—STATUTE OF FRAUDS—VERBAL AGREEMENT FOR JOINT PURCHASE OF LANDS.—Where one who has agreed in his own name, in writing, to purchase lands, has also made a verbal agreement with another that he should pay one-half of the purchase price on or before the expiration of the time allowed for the examination of the title, and should become equally interested in the purchase, if the latter does not advance one-half of the purchase money at the time agreed, and the former is compelled to pay the whole amount of the purchase money under the contract of purchase, the latter cannot, upon a subsequent tender of one-half the purchase money, enforce a constructive trust in one-half of the land purchased, as against a plea of the statute of frauds.

ID.—CONFIDENTIAL RELATION—BUSINESS CONTRACT—TRUST NOT ARISING UNDER VERBAL AGREEMENT.—Where there is no relation of trust or confidence between contracting parties other than that which is manifested in all business affairs, in which the honor or ability of the party is relied upon for performance, no trust arises under a verbal agreement in respect to the purchase of lands, if there is no fraud, undue influence, nor other wrongful act, nor any accident or mistake connected with the agreement.

EVIDENCE—EXCLUSION OF QUESTION—MATERIALITY—OFFER OF PROOF—HARMLESS RULING.—Where a question is asked, the answer to which

would apparently not be material, counsel should state the fact expected to be proven, and make an offer to prove it by the witness; and, in the absence of such statement showing the materiality of the question, the ruling will not be considered prejudicial upon appeal.

ID.—VALUE OF PROPERTY, WHEN MATERIAL.—Evidence of the value of the property at the time of the purchase is not material or admissible in an action to enforce a trust in one-half of the property purchased, and cannot in any way affect the validity of a verbal agreement upon which recovery is sought.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial.

The facts are stated in the opinion.

*J. C. Bates,* for Appellant.

There was a trust in the property "created by operation of law," which should be enforced. (Civ. Code, sec. 852, subds. 3, 2215, 2216, 2224, 3395; *Brison v. Brison,* 75 Cal. 525; 7 Am. St. Rep. 189; *Sandfoss v. Jones,* 35 Cal. 487; *Rose v. Hayden,* 35 Kan. 106; 57 Am. Rep. 145.) The contract being admitted in the answer, and proved as alleged, and also the fact that personal confidence was reposed by the plaintiff in the defendant's grantor, the burden was cast on the defendant to show why the agreement was not carried out. (Civ. Code, secs. 2219, 2234, 2235; *Gould v. Gould,* 36 Barb. 275; *Boyd v. De la Montagnie,* 73 N. Y. 498; 29 Am. Rep. 197; *Darlington's Appeal,* 86 Pa. St. 512; 27 Am. Rep. 726; Wharton on Contracts, sec. 91.)

*Dorn & Dorn,* for Respondent.

There was no fiduciary relationship between the parties to this action, and therefore there could be no constructive trust. (*Huguenin v. Basely,* 2 White and Tudor's Lead. Cas. 597; *Brison v. Brison,* 75 Cal. 525; 7 Am. St. Rep. 189; *Feeney v. Howard,* 79 Cal. 525; 12 Am. St. Rep. 162; *Alaniz v. Casenave,* 91 Cal. 41; *Doyle v. Murphy,* 22 Ill. 502; 74 Am. Dec. 165; *Weer v. Gand,* 88 Ill. 493; *Steele v. Clark,* 77 Ill. 474.) The agreement was nothing more or less than a mere naked verbal

agreement, and raised no trust in the property. (Pomeroy's Equity Jurisprudence, sec. 1056; *Payne* v. *Patterson*, 77 Pa. St. 134; *Dunphy* v. *Ryan*, 116 U. S. 491.)

HAYNES, C.—This action was brought by Taylor against Michael Joseph Kelly, to compel the conveyance to him of an undivided interest in certain real estate situate in the city and county of San Francisco. M. J. Kelly died before the cause was tried, and Annie A. Kelly, to whom he had conveyed the land after the commencement of the action, was substituted as defendant. The defendant had judgment, and the plaintiff appeals from an order denying his motion for a new trial.

A brief outline of the facts, as found by the court, is as follows:

That on April 9, 1887, Michael J. Kelly entered into an agreement in writing with one Driscoll to purchase the lands in question for the sum of six thousand one hundred dollars, and paid thereon twenty-five dollars, the purchaser to have thirty days for examination of the title. That on or about April 15, 1887, Kelly made a verbal agreement with the plaintiff, whereby the plaintiff should pay one-half of the purchase price on or before the expiration of the time allowed for examination of the title, and thereupon should be equally. interested with Kelly in the purchase. That on May 7, 1887, the title being satisfactory, Kelly demanded from Taylor the payment of one-half the purchase money, but Taylor neglected to pay it. On May 9, 1887, Kelly paid in full for the land, and took a conveyance in his own name, and on the same day had the deed recorded. On August 29, 1887, the plaintiff inclosed in an envelope a check, payable to Kelly or order, for three thousand and fifty dollars, and caused the same to be delivered to Kelly, who refused to accept it; that at the same time the check was drawn and offered to Kelly, plaintiff had in the bank on which it was drawn two thousand nine hundred and forty-seven

dollars and forty-six cents, and no more, and that this was the only offer of payment he ever made.    The court further found that certain allegations of the complaint, viz: that plaintiff had paid ten dollars for a search of the title; that the deed was taken by Kelly for the mutual benefit of both; that he reposed confidence in Kelly, and that by reason of such confidence and the promises of Kelly the contract and deed were taken in Kelly's name, were untrue; that Kelly did not at any time admit that the purchase was for their mutual benefit; that he did not act in bad faith or fraudulently toward the plaintiff, and that plaintiff neither paid nor gave any consideration for the verbal agreement made by Kelly with him.

Appellant specifies several particulars, in which he claims that the findings are not justified by the evidence.    Several of these may be considered together.

It is insisted that the verbal agreement mentioned in the findings was made before the written agreement between Kelly and Driscoll was made; that the purchase was in fact made for the joint benefit of Kelly and the plaintiff; that therefore it was not a subsequent agreement by Kelly to share his purchase, or to sell to plaintiff a half interest in the property, and that the plaintiff negotiated the purchase from Driscoll pursuant to the verbal agreement; that "there is no evidence that it was only on Taylor's payment on or before the time the purchase money would become due and payable that Taylor should become equally interested in the property."

The only finding about which there is any doubt as to its being justified by the evidence is the one which finds that the verbal agreement between appellant and Kelly was made on or about April 15th, which was after the date of the contract between Kelly and Driscoll. But a *doubt* will not authorize us to set aside the finding.    But if the finding was that the verbal agreement was made with Kelly before the date of the contract with Driscoll it would not avail the appellant.

Defendant, as one of her defenses, pleaded the statute of frauds. It is also conceded that appellant did not pay for his interest, and, treating his check as a tender, did not tender payment until some three months after the purchase had been consummated and the whole of the purchase price paid. The agreement alleged in the complaint was that plaintiff *and* Kelly should purchase; not that Kelly should purchase, and upon payment by Taylor to Kelly of one-half the purchase money at some time in the future, Kelly would convey. It is not claimed by plaintiff that Kelly *agreed* to purchase for their joint benefit, though it is claimed that he *did* so purchase. The only agreement alleged in the complaint, and which appellant, by his exception to the findings, insists was made before the contract of sale between Driscoll and Kelly, required appellant *to join in the purchase* (not necessarily in the *contract* of purchase), by furnishing his proportion of the purchase money at the time the purchase was consummated. This was not done. The contract with Driscoll having been made by Kelly alone, he was bound to fulfill it whether Taylor kept his verbal agreement to join in the purchase or not. If Taylor declined to join in the purchase and pay his proportion of the purchase money, it was not in Kelly's power to compel him to keep his verbal agreement. A tender of a deed to Taylor for an undivided half of the property, and a demand of payment of one-half the purchase price, the whole of which Kelly was obliged to pay, would have been fruitless, as Taylor could have successfully pleaded the statute of frauds to any action brought to compel payment. Certainly Taylor is in no better position, for he must rely upon a verbal contract, and that contract one that he had himself failed to comply with.

It is insisted by appellant that Kelly became a trustee of the interest in the land in question for his benefit; that " a trust arises when personal confidence is reposed in one and accepted by the other." But there was no relation of trust or confidence between these parties,

unless the verbal agreement itself created such relation. Here there was no trust or confidence other than that which is manifested in all business affairs in which the honor or ability of the party is relied upon for performance.  There was in this case no reason for the confidence reposed, other than the opinion entertained by appellant that he could rely upon Kelly.  " It is not every case where parties trust each other that the law recognizes as confidential."  (*Brison* v. *Brison*, 75 Cal. 528; 7 Am. St. Rep. 189, and cases cited.)

Appellant, however, states his proposition in another form, thus:

" A person who gains a thing by fraud . . . . *in violation of a trust* (that is, confidence reposed) *or other wrongful act,* is an involuntary trustee of the thing gained for the benefit of the person who would otherwise have had it."

In support of this proposition he cites Civil Code, section 2224, and *Greiner* v. *Greiner,* 58 Cal. 122.  The section of the Civil Code referred to is as follows:

" One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust or confidence, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it."

We have seen that there was no violation of a trust or confidence; nor is it alleged, found, or claimed that Taylor made the verbal agreement with Kelly through the fraud or other wrongful act or the undue influence of the latter, or that it was the result of accident or mistake.  Taylor never asked or suggested that the agreement be reduced to writing; nor is there any finding, or any evidence upon which a finding could be based, that Taylor was in any manner prevented from joining in the purchase, or that Kelly, at the time the verbal agreement was made, or the time when the contract was made with Driscoll, did not intend to perform that agreement with Taylor.  The whole basis of appel-

lant's contention is that Kelly did not, after he had been compelled to pay the whole of the purchase price instead of one-half, accept payment from appellant and convey to him the interest in question. The case of *Greiner* v. *Greiner*, 58 Cal. 122, is not in point. There the husband redeemed certain notes and mortgages belonging to him from a pledgee, with his wife's money, which he had in his possession, and with intent to defraud the wife, assigned them, without consideration, upon a secret trust in favor of himself; and it was held that by using her money to redeem the notes and mortgages from the pledgee he became a trustee for his wife, and that she was entitled to be subrogated to the lien of the pledgee. Comment upon the distinction between that case and this is unnecessary. In Pomeroy's Equity Jurisprudence, section 1056, the learned author says:

" In order that the doctrine of trusts *ex maleficio*, with respect to land, may be enforced under any circumstances, there must be something more than a mere verbal promise, however unequivocal; otherwise the statute of frauds would be virtually abrogated. There must be an element of positive fraud accompanying the promise, and by means of which the acquisition of the legal title is wrongfully consummated. Equity does not pretend to enforce verbal promises in the face of the statute; it endeavors to prevent and punish fraud by taking from the wrongdoer the fruits of his deceit, and it accomplishes this object by its beneficial and far-reaching doctrine of constructive trusts."

In *Sandfoss* v. *Jones*, 35 Cal. 488 (a case cited by appellant), it is said:

" Doubtless, the general current of authorities upon this subject is that a dry, verbal promise to purchase lands for the benefit of another is within the statute of frauds, and cannot, therefore, be proved by parol." The facts of that case, however, took it out of the statute upon well-settled equitable principles, and it is therefore not an authority for appellant."

*Rose* v. *Hayden*, 35 Kan. 106, 57 Am. Rep. 145, cited

by appellant, was where an agent, employed to purchase for his principal, bought in his own name and paid with his own money; and it was held that the weight of authority was, he could not retain the property so purchased. That, however, is not this case. A parol agreement that another shall be interested in a purchase, or parol declarations by a purchaser that he buys for another, without an advance of money by that other, will not raise a resulting trust, but will be inoperative under the statute of frauds. (*Bland* v. *Talley*, 50 Ark. 71.)

Appellant further contends that there is no evidence that a demand was made upon him to furnish his part of the purchase price to be paid to Driscoll; that the only evidence of such demand was that of Joseph P. Kelly, who had no power to convey any interest in the property.

Joseph P. Kelly testified that his father, M. J. Kelly, left the city a few days before the time expired for the performance of the contract with Driscoll, and instructed him to attend to the payment and securing a conveyance, and for this purpose gave him a check for his part of the purchase money and instructed him to call on Taylor for the remainder; that he did call upon Taylor, and asked him to put up his half of the money; that Taylor replied: " Well, there was an arrangement of that kind, but that he would not do it; that he did not propose to go into the thing at all, and did not propose to have any thing to do with it." This was denied by Taylor. The fact that Joseph P. Kelly could not make a deed to him did not affect Taylor's duty to pay the money, nor, indeed, was any demand upon Taylor necessary, as Taylor was one of the purchasers under the terms of the agreement as alleged by him. The conflict between these witnesses will not permit the appellate court to interfere with the findings objected to; and it is clear that if Joseph P. Kelly's testimony is true, M. J. Kelly gave Taylor a full opportunity to carry out the agreement, and that Taylor declined to do so.

Whatever merit there might be in appellant's specifications of insufficiency of the evidence to justify the findings (and I think there are none), if the findings were changed to meet his suggestions, the judgment was right, and the order denying a new trial should be affirmed, unless the court erred in matters of law to the prejudice of appellant.

Appellant was a witness in his own behalf, and was asked by his counsel the following question:

" State the fact, the reason the transaction was done in Mr. Kelly's name, and not in your joint names?" Defendant's objection was sustained. If, by the question, it was intended to call from the witness a statement of the mental operation by which he concluded to have the contract in the name of Mr. Kelly alone, it was clearly incompetent. That this was what he called for is, I think, quite clear from the record. All the facts appear to have been fully testified to by the witness. It is not alleged or claimed that any fraudulent devices or means were resorted to by Mr. Kelly to induce appellant not to appear in the contract with Driscoll. It is not apparent, therefore, that the answer to the question would have been material, and in such case counsel should have stated the fact he expected to prove, and made an offer to prove it, by the witness, and thus put in the record the facts which would show whether it was material. In the absence of such statement in the record we cannot say that the facts expected to be stated in answer to the question were material, or, if material, that appellant was prejudiced by the ruling.

Appellant was also asked the value of the lots at the time of the purchase. Defendant's objection was properly sustained. The value of the property could not in any way affect the validity of the agreement upon which appellant sought to recover.

The other alleged errors of law are covered by what has been said on the principal question.

The order appealed from should be affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFARLAND, J., FITZGERALD, J.

DE HAVEN, J., concurred in the judgment.

Hearing in Bank denied.