[Sac. No. 1107.    Department One.—January 21, 1905.]

## JAMES ASTILL, Respondent, v. SOUTH YUBA WATER COMPANY, Appellant.

ACTION TO ABATE NUISANCES—PLEADING—CAUSES OF ACTION NOT MIS-JOINED.—A complaint in an action to abate two distinct nuisances, one of which is caused by the negligence of the defendant in allowing water to escape from the banks of defendant's ditch and extending over the plaintiff's land, making it swampy and marshy, and the other of which is caused by the flow of the water from the ditch into defendant's reservoir, filling it with vegetable matter, which became rotten and decayed, causing a nuisance to the plaintiff, does not show a misjoinder of causes of action.

ID.—JOINDER OF CAUSES OF THE SAME CLASS.—Under section 427 of the Code of Civil Procedure two or more causes of action belonging to the same class may be joined; and a plaintiff may in the same complaint set up any number of separate causes of action.

ID.—CAUSES NOT SEPARATELY STATED — DEMURRER — DIFFERENT ELE-MENTS OF DAMAGE.—The fact that the causes of action for distinct nuisances were not separately stated is not a cause of demurrer, nor do different elements of damage arising from the same nuisance constitute distinct causes of action.

ID.—ABATEMENT OF NUISANCE—JOINDER OF DAMAGES.—Under section 731 of the Code of Civil Procedure, and at common law without the aid of that section, the party injured by a nuisance may, in the same action, obtain a judgment abating it and recover the damages caused thereby.

ID.—SUFFICIENCY OF EVIDENCE—SUPPORT OF FINDINGS—CONFLICTING EVIDENCE.—Where there is ample evidence to support all of the findings in favor of the plaintiff, though there is evidence to the contrary, it is not the province of this court to determine questions of the preponderance of evidence.

ID.—EVIDENCE—ADVERSE USER—EASEMENT FOR RESERVOIR—TITLE OF PLAINTIFF—NEGLIGENT USE OF EASEMENT.—Where the plaintiff is

the grantee of a patentee of government land, and the right of the defendant to an easement for the reservoir and ditch upon plaintiff's land is not disputed, and the answer pleads a mere easement, and sets up no title to any land outside of the reservoir, it was not error to exclude evidence tending to show adverse user by defendant of part of the land on which it is alleged that a nuisance existed in allowing the reservoir to be filled with decaying vegetable matter. The precise extent and boundary of the reservoir are unimportant.

ID.—REFUSAL TO STRIKE OUT ANSWER—WAIVER OF OBJECTION.—The court did not err in refusing to strike out an answer to a question conceding that it was improper in form, where the answer was admitted without objection, and it does not appear that there was no chance to object before the answer was given. The answer was waived by failure to object to the question.

ID.—INJURY TO HEALTH OF PLAINTIFF'S FAMILY—COMPARISON—COUNTER EVIDENCE TOO REMOTE.—It was not error to exclude evidence concerning the health of the neighborhood, or of particular persons in the neighborhood, at a period some fifteen years and more before the trial. Such evidence is too remote to furnish a safe standard of comparison to disprove the evidence of the effect of the alleged recent nuisance upon the health of the plaintiff and his family.

APPEAL from a judgment of the Superior Court of Placer County. Albert G. Burnett, Judge presiding.

The facts are stated in the opinion of the court.

John M. Fulweiler, and Fred Searles, for Appellant.

Holl & Dunn, for Respondent.

SHAW, J.—The defendant appeals from the judgment and from an order denying its motion for a new trial.

There is no misjoinder of causes of action. The plaintiff does indeed complain of what technically constitutes two distinct nuisances. One is caused by the negligence of the defendant in allowing water to escape from the banks of a ditch owned by the defendant and extending over the plaintiff's land, whereby the land is made swampy and marshy, constituting a nuisance. The other is alleged to consist of a reservoir into which water from the ditch flows, which reservoir was allowed to become filled with vegetable matter, which became rotten and decayed, and thereby caused a nuisance. This, however, does not constitute a misjoinder. Section 427

of the Code of Civil Procedure allows the joinder of two or more causes of action belonging to the same class. Plaintiff might therefore in the same complaint set up any number of separate causes of action for distinct nuisances without being guilty of a misjoinder. The fact that they are not separately stated in the complaint is not a cause of demurrer; nor do different elements of damage, arising from the same nuisance, constitute different causes of action. Under section 731 of the Code of Civil Procedure, and at common law without the aid of that section, the party injured by a nuisance may in the same action obtain a judgment abating it and recover the damages caused thereby. (*Yolo Co.* v. *Sacramento,* 36 Cal. 196; 14 Ency. of Plead. & Prac. 1116.)

The defendant contends that the findings are not supported by the evidence, and assigns many particulars in which it is claimed the evidence is insufficient. On an examination of the record, however, we think there is ample evidence to support all the findings. There is evidence to the contrary, it is true, but it is not of the province of the court to determine questions of the preponderance of evidence.

Several rulings are complained of excluding testimony tending to show adverse use of a part of the land upon which it is alleged a nuisance existed, and which it is claimed would tend to prove title to such land in the defendant. There was no error in this ruling. There was no claim set up by the defendant to a fee-simple title to any land. The plaintiff was the grantee of the patentee of a certain subdivision of United States government land. He held the title subject to the rights of the defendant, acquired through its predecessor previous to the issuance of the patent, to maintain a reservoir thereon and carry water thereto through a ditch over the plaintiff's land. The reservoir was in part situated on plaintiff's land, and in part on other lands adjoining thereto. This alleged right was not a fee-simple title, nor anything more than a mere easement, dependent upon use. The court found, and the evidence supported the finding, that the area of land covered by the water in the reservoir, if it was filled to the brim, was some twenty-four acres, of which eight and eighty-five hundredths acres was on the land of the plaintiff. There was some contention on the part of the defendant that it had title to some land extending farther up the ditch beyond

this high-water line, with a right at some time to use the same as a reservoir. There was, however, no issue of this nature tendered in the answer. The only claim set up in the answer is a mere easement consisting of the reservoir and ditch actually used, and the limit of the defendant's right under the answer is fixed by the area of land shown to be actually occupied by the reservoir and ditch, with sufficient ground for access thereto for the purposes of maintenance and repair and use. This right to the reservoir and to the ditch connecting therewith is not disputed by the plaintiff. The precise extent and boundary of the reservoir are not important. The plaintiff's claim is based solely upon the negligent use of the easement, which it is alleged has caused the nuisances. There being no issue with regard to the title of the land outside of the reservoir, it was not error to exclude the testimony.

There was no error in refusing to strike out the answer to the question put to the plaintiff, "How much was your time worth?" Conceding that the question was improper in form, the plaintiff did not object to it, but allowed the answer in, and hereby waived his right to strike it out. It does not appear that there was no chance to object before the answer was given. There was no error in excluding testimony concerning the health of the neighborhood, or of particular persons residing in the neighborhood at a period some fifteen years and more before the trial. Even if a comparison could be made in this way to disprove the evidence of the effect of the alleged nuisance upon the health of the plaintiff and his family in 1898, when the nuisance is alleged to have been caused, the time referred to in the testimony offered to be given was too remote to furnish a safe standard of comparison. We find no error in the record.

The judgment and order are affirmed.

Van Dyke, J., and Angellotti, J., concurred.

Hearing in Bank denied.