[Civ. No. 99. Third Appellate District.—December 18, 1905.]

## H. M. NISHKIAN, Respondent, v. WILLIAM CHISHOLM et al., Appellants.

APPEAL—SUPPORT OF VERDICT—REVIEW OF EVIDENCE—SPECIFICATIONS OF INSUFFICIENCY.—Where the case was tried by jury the appellate court will confine its examination of the evidence to the points raised by the specifications of insufficiency of the evidence to support the verdict; and if there was some evidence tending to support the conclusion reached by the jury, the verdict and judgment must be sustained, if no error of law appears.

ID.—ACTION FOR MONEY DUE ON CONTRACT—EVIDENCE SHOWING SUBSTANTIAL PERFORMANCE — IMMATERIAL DEFECT AS TO ACCOUNT STATED.—In an action to recover money due on contract, where there

was sufficient evidence showing a substantial performance of the contract to warrant the verdict of the jury, it is immaterial whether there was a defect of evidence to show an account stated pleaded in one count of the complaint.

ID.—JOINT VERDICT AGAINST ALL DEFENDANTS—THEORY OF TRIAL—ABSENCE OF SPECIFICATION—STIPULATION.—Where the case was tried on the theory that all or none of the defendants should be bound by the contract, and there was no specification of insufficiency of the evidence to support the verdict as against any particular defendant, and there was a stipulation that no objection should be raised on the ground of misjoinder of parties defendant, it cannot be objected that a joint verdict against all of the defendants was erroneous.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

T. H. Short, and James Gallagher, for Appellants.

L. L. Cory, and M. B. Harris, for Respondent.

McLAUGHLIN, J.—This is an action to recover money due on contract. The cause was tried before a jury, and upon a general verdict for the plaintiff for $840, judgment for such sum was entered against the defendants. From such judgment and an order denying their motion for a new trial, defendants appeal.

It appears from the complaint that the plaintiff and defendant Chisholm entered into a contract by the terms of which plaintiff was to plow and harrow forty acres of land in a manner particularly specified, and plant the same to "good, sound, healthy, rooted Zinfandel vines, in an efficient and workmanlike manner, and in rows eight feet apart, straight and parallel with each other in all directions; and the vines equidistant eight feet." Under the terms of the original contract, the planting was to be commenced on March 1, 1902, and completed within five days. Plaintiff, however, alleges that the contract was subsequently modified by mutual consent so as to permit and authorize him to commence planting on March 18, 1902, or thereabouts. The contract price was $10 per thousand for vines planted, $8 per

2 Cal. App.—32

acre for plowing and harrowing, $150 as a general payment, and $16 for each additional time the tract was harrowed and cultivated. It also contained a provision for the payment of a balance of $125 for a surrender of a lease by plaintiff and his brother. It is alleged that the plaintiff plowed and harrowed the land and planted twenty-four thousand five hundred vines thereon, completing the same on April 3, 1902, and that defendants Bronge, as assignees of Chisholm, assumed all rights, liabilities, and obligations arising under the contract. As a second cause of action plaintiff set up an account stated, showing a balance of $605 due on account of the transactions between plaintiff and Chisholm, and a third cause of action was based on performance of the contract, nonpayment of the contract price, and the expenditure of $40 at the special instance and request of Chisholm in carrying out the agreement between them. The prayer of the complaint was for the sum of $605, but by way of supplemental complaint plaintiff set up additional liabilities accruing under the contract after the complaint was filed, increasing the total demand to $880. In their answer to the original and supplemental complaints, defendants admit the execution of the contract, but deny that it was ever modified or performed. There is an express admission that defendant Catherine Bronge became the assignee of the contract and assumed all liabilities arising thereunder, and there is no denial as to defendant Albert Bronge in this regard. The parties to the action entered into a stipulation reciting that any and all injuries, claims, wrongs or matters accruing from or arising out of the agreement or contract in the complaint first mentioned might be litigated in this action; that the plaintiff and defendants were proper parties to such litigation, and that no objection would be made by reason of or upon the ground of a misjoinder of parties. The specifications of insufficiency of the evidence to support the verdict all relate to the performance of the contract, and the mistake in and modification of the same, and to the issue touching an account stated. There is also a specification that the evidence is insufficient to show that the sum of $125, or any sum, was due or owing from defendants to plaintiff.

It is a well-settled rule that the appellate court will confine its examination of evidence to the points embraced within the

specifications. (Code Civ. Proc., sec. 659; *Citizens' Bank* v. *Jones*, 121 Cal. 32, [53 Pac. 354]; Spelling on New Trial, sec. 369.) And if there was some evidence tending to support the conclusion reached by the jury, the verdict and judgment must be sustained. (Spelling on New Trial, secs. 236-238; *Kile* v. *Tubbs*, 32 Cal. 339; *Driscoll* v. *Market St. Ry. Co.*, 97 Cal. 562, [33 Am. St. Rep. 203, 32 Pac. 591]; *Raymond* v. *Glover*, 144 Cal. 552, [78 Pac. 3]; *Astill* v. *South Yuba Water Co.*, 146 Cal. 57, [79 Pac. 594].) The contract contains an express promise to pay $125 on November 15, 1902, for the surrender of the lease; therefore, it cannot be pretended that that there is no evidence to show a liability for that amount. The item of $150, also included in the supplemental complaint, was made payable September 1, 1902; but, as this was a payment dependent on performance of the contract, this item is involved in the inquiry as to such performance. The circumstances and conditions, the correspondence and conduct of the parties being considered, it certainly cannot be said that the evidence fails to show a substantial compliance with the terms of the contract. Indeed, the evidence, without serious conflict, shows that defendant Chisholm was in a great measure responsible for the delay and its consequences and that he consented to or at least waived deviations from the letter of the contract. His brother, Colin Chisholm held his power of attorney and had full power to act for him, and this brother in turn had a representative named Eckelberg upon the ground. On March 4th Colin Chisholm wrote plaintiff, saying: "Mr. Eckelberg has written me that the leveling and plowing on the forty acres had been completed, and about ready for planting." Nine days later he again wrote plaintiff that he had just received a letter from Eckelberg stating that there were squirrels on the land, and that they should be killed before planting, and suggested that plaintiff procure some carbon bi-sulphide with which to kill the squirrels, and advise with Eckelberg, who would assist him when he was ready to plant. In another letter to plaintiff dated March 19th, the same writer says: "I hope you will have favorable weather for planting, as it is about time it was completed, and if you need information or suggestions about the work, I wish you would call on Mr. Eckelberg." Other letters, including one acknowledging receipt of plaintiff's ac-

count for money due under the contract, were written by Colin Chisholm to plaintiff, but in none of these was there the slightest hint that the plaintiff was not performing or had not performed the contract to his entire satisfaction. Then, too, there is evidence showing that, after defendant Chisholm had sold the land, Mr. Bronge expressed his satisfaction with plaintiff's work, and promised payment of the contract price. On the whole, it must be said that there was evidence enough to warrant the jury in finding that the plaintiff had earned the contract price by a substantial performance of the contract. It necessarily follows that the verdict for $840 is supported by the evidence, and hence it is unnecessary to consider the evidence bearing on an account stated. Even if there was no evidence on this point, the verdict would still be supported by proof of performance of the contract.

It is said that the verdict is erroneous because it is against all of the defendants. There are no specifications pointing to the insufficiency of the evidence to support the verdict as against any particular defendant, and, as our inquiry is limited by the specifications, this point must fail. An appellant must place his finger on the precise errors or defects upon which he will rely. "Unless the alleged errors are specifically pointed out, they are deemed waived." (*Bohnert* v. *Bohnert*, 95 Cal. 445, [30 Pac. 590]; *Rauer* v. *Fay*, 128 Cal. 525, [61 Pac. 90]; Spelling on New Trial, secs. 433, 434.) But, aside from this, the general conduct of the trial, the conjunctive form of denials in the answer, the form of offered instructions, and the very specifications themselves, all point to an interpretation of the stipulation made a preface to the trial, which must sustain the joint verdict and judgment. The case was clearly tried on the theory that all or none of the defendants should be bound.

We find no error in giving or refusing instructions.

The judgment and order are affirmed.

Chipman, P. J., and Buckles, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 15, 1906.