SHOWERS et al. v. ZANONE.

Court of Appeal, Third District; April 13, 1906.

85 Pac. 857.

Appeal—Conflicting Evidence.—Findings of a trial court based on conflicting evidence will not be disturbed on appeal, if there is any evidence in the record on which they might be properly based.

Drains—Liability for Expense.—In an Action to Recover one-fifth of the cost of a drainage ditch, evidence held to support a finding that defendant fully consented to the scheme and promised to defray her part of the expense involved therein.

APPEAL from Superior Court, Humboldt County; E. W Wilson, Judge.

Action by Jacob Showers and others against Madaline M. Zanone. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Mahan & Mahan for appellant; Gillett & Cutler for respondents.

McLAUGHLIN, J.—This is an action to recover one-fifth of the cost of a drainage ditch constructed by the plaintiffs. The complaint contains two counts. In the first a cause of action for money expended for the use and benefit of defendant at her request is stated. In the second it is alleged that the plaintiffs were duly authorized by defendant to make arrangements for and construct said ditch, she agreeing to pay her pro rata share of the expense. In this connection it is stated that she acted by and through an agent, who communicated her authorization and consent to plaintiffs, and that by her conduct preceding the commencement of the work, and dur-

ing its progress, she led plaintiffs to believe that she acquiesced in the plan proposed to her, and that said agent had authority to speak and act for her in the premises. The court found for plaintiffs, and judgment was entered accordingly, The sole point urged on this appeal is that the findings are not supported by the evidence.

It is a cardinal rule of appellate practice that the findings will not be disturbed when the evidence is conflicting: Broder v. Conklin, 121 Cal. 284, 53 Pac. 699; Rose v. Rose, 112 Cal. 343, 44 Pac. 658; Astill v. South Yuba W. Co., 146 Cal. 57, 79 Pac. 594. The weight and effect to be given the evidence was for the trial court to determine, and even though it was demonstrated that the preponderance of evidence was against the conclusion reached, we could not disturb that conclusion if any evidence was found in the record upon which it might properly be based. All doubts must be resolved, and all intendments indulged in favor of the judgment, and we "must construe the testimony as favorably as possible for the respondents": Carteri v. Roberts, 140 Cal. 165, 73 Pac. 818; People v. Wong Suey, 110 Cal. 117, 42 Pac. 420; Taylor v. Kelley, 103 Cal. 178, 37 Pac. 216; Olmstead v. Dauphiny, 104 Cal. 635, 38 Pac. 505; Meyer v. Great Western Ins. Co., 104 Cal. 381, 38 Pac. 82; People v. Un Dong, 106 Cal. 83, 39 Pac. 12.

Viewing the evidence in this case in the light of these well-settled rules, it certainly cannot be said that the findings are not supported by the evidence. The business relations between the defendant and her alleged agent prior to this transaction, her visit to the scene of the contemplated improvement in his company, their joint examination of the premises and what was said and done by each at that time and subsequently, had a strong tendency not only to show his agency, but her consent to and acquiescence in the plan which had been proposed to her. Her inquiry upon the street in Eureka and her conduct when the claim of plaintiffs was presented to her were of potent significance. She knew, and so did her agent, that the work was in progress, and the latter at least must have known that the plaintiffs were counting on her to pay a portion of the expense incurred. Both defendant and her agent were cognizant of the fact that the ditch would be of great benefit to her land by securing it against overflow, and the facts and circumstances surrounding its con-

struction were such as to warrant the finding and judgment that she was liable for one-fifth of the expense: Bergthold v. Porter Bros. Co., 114 Cal. 688, 46 Pac. 738; Puget Sound L. Co. v. Krug, 89 Cal. 243, 26 Pac. 902; Burnett v. Fisher, 57 Cal. 152; Anglo-Cal. Bank v. Cerf, 147 Cal. 399, 81 Pac. 1081; Mechem on Agency, 83; Donnelly v. San Francisco Bridge Co., 117 Cal. 422, 49 Pac. 559; Carpy v. Dowdell, 115 Cal. 687, 47 Pac. 695; Dolbeer v. Livingston, 100 Cal. 621, 35 Pac. 328; Scott v. Jackson, 89 Cal. 262, 26 Pac. 898. Indeed, her failure to disclaim liability, and the excuse she gave for failure to pay, coupled with her pertinent inquiry as to what was being done, and other facts incident to her visit to the scene would alone lend strong support to a finding that she had fully consented to the scheme and had promised to defray her portion of the expense it would involve.

True, all this testimony was flatly contradicted, and it may even be said that the evidence would support findings directly to the contrary, but we have pointed to the reasons which forbid our interference, and hence the judgment is affirmed.

We concur: Chipman, P. J.; Buckles, J.