[No. 13058. In Bank. — August 2, 1889.]

ELVIRA C. MARSHALL ET AL., APPELLANTS, v. JOHN HANCOCK ET AL., RESPONDENTS.

EVIDENCE — OBJECTION TO QUESTION — OFFER OF PROOF WHEN NECESSARY — REVIEW OF RULING. — Where a question to which an objection is sustained on the trial does not itself indicate whether the answer to it will be material evidence or not, the party seeking to introduce the evidence must, in order to have the ruling reviewed on appeal, make an offer of what he proposes to prove, so that the trial and the appellate court can determine whether the proposed evidence is material or not.

ID. — COMPARISON OF HANDWRITINGS — SIGNATURE OF OFFICIAL — PROOF OF PUBLIC RECORD. — Where the genuineness of the signature of a person who was a justice of the peace is in controversy, his signatures to his official docket as justice, after being proved to the satisfaction of the trial judge, are admissible in evidence for the purpose of comparison with the handwriting in controversy, without formal proof that the docket is a public record.

ID. — ADMISSIBILITY OF TESTIMONY OF DECEASED PERSON. — The testimony
   of a witness in a prior action is not admissible, after his decease, in a
   subsequent action between different parties and involving a controversy
   as to a different matter.
ID. — IMMATERIAL ERROR. — Error in the admission of evidence which could
   not have prejudiced the opposite party is not ground for a reversal.

APPEAL from a judgment of the Superior Court of San
Bernardino County, and from an order refusing a new
trial.

The facts are stated in the opinion of the court.

*Paris, Goodcell & Fox, John McIntyre,* and *J. J. De Puy,*
for Appellants.

*Rowell & Rowell, Barclay, Wilson & Carpenter, H. C.
Rolfe, Harris & Gregg,* and *M. T. Allen,* for Respondents.

WORKS, J.—Action to quiet title. Judgment for de-
fendants. Motion for new trial overruled. Plaintiff ap-
peals.

The controverted question in the court below was as
to the genuineness of a deed from one Michael White
and wife to Henry Hancock, under which the defendants
claimed to be the owners of one half of the real estate in
controversy. The deed appeared upon its face to have
been regularly executed and acknowledged. The plain-
tiffs claimed it to be a forgery, and that Michael White
was out of the state at the time it purported to have been
signed and acknowledged. The court below, after hear-
ing testimony as to the execution of the deed, held the
same to have been executed and admitted it in evidence.

The appellants assign several errors upon rulings
made during the hearing, and claim that the decision of
the court that the deed was genuine was not sustained
by the evidence. A witness called by the plaintiff testi-
fied that he knew White, that he was at White's house,
on the ranch, cultivated his land, and had a conversa-
tion with him. He was then asked what the conversa-

tion was. To this question the defendants objected, and the objection was sustained. This is assigned as error. We do not know from the record before us whether the court erred in this ruling or not. Where the question itself does not indicate whether the answer to it will be material evidence or not, the party seeking to introduce the evidence must, in order to present the question to this court, make an offer of what he proposes to prove, so that the court below and this court can determine whether the proposed proof is material or not. There is nothing in the record to show what the proposed testimony was. The question indicated nothing of the kind. The witness is asked for a conversation between White and himself. The conversation, if there was one, may have been about a matter entirely aside from the matter under investigation. Therefore, the record fails to show any error in this ruling.

In order to show the absence of White at the time the deed purported to have been executed, the plaintiffs proved by his wife, that he left home, and that she accompanied him part of the way. She was then asked if, when she bid him good by, he told her where he was going. This was objected to, and the objection sustained. This question is like the one above referred to. There was no offer to prove any statement that would have tended to corroborate the testimony of other witnesses that he went to Lower California, nor did the question indicate that such would be her answer. We cannot assume error in order to reverse the case, nor can we, for the purpose of sustaining the appellants' position, presume what he fails to show, viz., that the answer of the witness would have been material if it had been allowed.

The defendants, in order to prove that the name of White to the deed was in his handwriting, proved that White had, prior to that time, been a justice of the peace; a record from the clerk's office, shown to

have been his docket, kept by him as such justice, was offered in evidence, and certain signatures of White appearing therein were shown by a witness to have been in White's handwriting. This was followed by expert evidence to the effect that the signatures in the record and the one to the deed were in the same handwriting.

The appellant's contend that the record admitted in evidence was not sufficiently authenticated or proved to be a public record kept by White. But this was entirely unnecessary. The evidence was not offered to prove the contents of the record or to establish any fact. The name appearing therein was the only material thing. It could make no difference whether the name offered appeared in a public record, a private writing, or on a blank piece of paper. If admitted, or proved to the satisfaction of the judge to be genuine, it could properly be compared with the handwriting in controversy for the purpose of showing that the latter was genuine. (Code Civ. Proc., secs. 1943, 1944.) Of course the record introduced did not prove that the name of White appearing therein was his genuine signature; but there was positive evidence to that effect which we must presume was proof to the satisfaction of the judge that it was genuine.

The defendants were permitted to introduce in evidence the testimony of White given in an action not shown to have been between the parties to this action, or to have involved the matter in controversy here. The object was to show declarations of White, who was deceased, tending to show that he executed the deed in controversy. The admission of this testimony was erroneous. (1 Greenl. Ev., secs. 125, 163; Code Civ. Proc., sec. 1870.) But we have examined the evidence carefully, and find nothing in it to prejudice the appellants. Therefore, the ruling of the court, although erroneous, was harmless, and we cannot reverse the case on that ground

Certain other items of evidence are objected to on the ground of immateriality. The court seems to have given rather too wide a range to the evidence on the question as to the genuineness of this deed, but upon a careful examination of the evidence, it does not appear to us that there was anything in the rulings, or in the evidence admitted, that could have worked the appellants any injury.

The point is made that the decision of the court on this question was not sustained by the evidence, but we think otherwise.

Judgment and order affirmed.

McFarland, J., Paterson, J., and Sharpstein, J., concurred.

Rehearing denied.