[S. F. No. 1715.    Department One.—September 12, 1900.]

## COUNTY OF SONOMA, Appellant, v. GILBERT P. HALL et al., Respondents.

ACTION UPON OFFICIAL BOND—DELIVERY OF RECORDER'S FEE-BOOK TO AU-
DITOR—CONSOLIDATED OFFICE—SUPPORT OF FINDINGS AND JUDGMENT.
In an action by a county upon the official bond of the county
recorder to recover damages for his alleged failure to deliver his
fee-book to the county auditor at the expiration of his term,
findings made upon sufficient evidence that the offices of county
auditor and recorder were consolidated, and that the fee-book was
in its proper place among the auditor's books when the office was
delivered to his successor, sustain a judgment for the defendants,
and it is immaterial whether or not findings as to the value of
the book and the amount of damage from its loss are or are not
supported by the evidence.

ID.—EVIDENCE—REBUTTAL—COPYING DONE BY CLERK—ORDER STRIKING
OUT—PRESUMPTION.—Evidence offered in rebuttal that copying was
done in the office by a clerk at the dictation of the recorder,
which was not properly in rebuttal, and which did not show
that the copying was from the fee-book in question, was prop-
erly stricken out by the court. It cannot be presumed that
the book dictated from was such fee-book, nor that the witness
was making a false and pretended copy thereof, nor that the
testimony was admissible for any purpose not shown by the
record.

ID.—CROSS-EXAMINATION OF DEFENDANT—PROPER PRACTICE—HARMLESS
RULINGS.—Where the defendant had testified in chief that he had
left the fee-book in question in the usual place in the office,
it would be proper practice to allow questions to be asked on
cross-examination as to whether or not he kept two sets of fee-
books, and whether he had not, with the assistance of a copyist,
made a duplicate of the fee-book in question; but where the
witness testified in other parts of his cross-examination that he
never had but one fee-book, and never kept two sets of fee-
books, and no questions were addressed to showing that he
left a duplicate or a false copy in the office, a ruling against the
questions asked is not of sufficient importance to justify a re-
versal of the judgment.

APPEAL from a judgment of the Superior Court of Sonoma
County and from an order denying a new trial. J. M. Man-
non, Judge.

The facts are stated in the opinion.

Emmet Seawell, District Attorney, and J. R. Leppo, for Appellant.

Anson Hilton, and J. P. Rodgers, for Respondents.

COOPER, C.—This action was brought by the plaintiff against defendant Hall as principal, and the other defendants as sureties, on Hall's official bond given by him as recorder of Sonoma county, to recover damages for a breach of said bond in failing to deliver to the county auditor on the expiration of his term of office a certain fee-book in which was entered the fees and compensation chargeable and collected by defendant Hall as county recorder during a portion of his term of office.

The case was tried before the court, findings filed, and judgment ordered for the defendants. Plaintiff has appealed from the judgment and from the order denying its motion for a new trial. The principal argument of appellant is directed to an attack upon a portion of finding numbered 2 as being without support in the evidence. The portion of the finding so attacked is as follows: "That at the time defendant Hall turned over said offices of recorder and auditor to his successor, upon the expiration of his official term, fee-book No. 13, referred to in the complaint, was in its appropriate place in the auditor's department of said combined office, and was delivered to his successor in office as required by law."·

In the first part of finding 2 the court finds that during all the times mentioned in the complaint the offices of county recorder and auditor of Sonoma county were consolidated, and that defendant Hall held both offices. That all the records and papers belonging to the recorder and auditor were kept in the same office. That the successor of defendant Hall, as recorder, also succeeded him as auditor. These portions of finding 2 are not attacked. We have carefully examined the evidence, and after such examination think the portion of the finding attacked is supported.

The defendant testified that Mr. Atchinson, who succeeded him, was in the office for some three weeks before it was turned over to him. That he saw the book on the day that he went out of office and that it was then in a case used for filing away the auditor's books in the hall of records. That this

was the seventh day of January, 1895, the day Hall went out of office. That he never removed the book from that time, and that no one else did to his knowledge. That he showed the book to Atchinson.

The witness Coulter, who was a deputy in the office, testified that he saw the book in a case in the hall of records two or three days prior to the end of Hall's term of office, and that he afterward saw it in the latter part of March, 1895, in the vault of the county assessor's office in the courthouse.

Miss Bishop, who was a deputy under Hall, testified that she saw the fee-book in the office where the records were kept on the morning of January 7, 1895, being the morning the office was turned over to Atchinson. The above testimony amply supports the finding. The truth of the testimony, and the credit to be given to witnesses, were matters peculiarly within the province of the trial judge. We do not possess the power, neither have we the inclination, to interfere with the functions of the trial judge in weighing testimony.

Portions of findings numbered 3, 4, and 5 are claimed to be without support in the evidence. These findings relate to the amount of damage suffered by plaintiff by reason of the loss of the book and the value of the book. The gist of the action is the failure of defendant Hall to turn the book over to his successor and the alleged appropriation thereof to his own use. As already shown, the court found that the defendant turned the book over to his successor, and the finding is supported by the evidence. It is therefore apparent that the defendants are not responsible to plaintiff for damage caused by the loss of the book, and the question as to whether or not the findings as to damages and the value of the book are supported by the evidence becomes an immaterial matter. No matter what the value of the book, nor the loss to plaintiff, the defendants are not responsible therefor in view of the second finding.

One Goodwin was called by plaintiff as a witness in rebuttal and testified that he was employed by defendant Hall during Hall's official term, and about October or November, 1892, for five or six evenings, copying in the recorder's office. That Hall dictated to witness from a large leather book, and the

witness copied into another book similar in size and appearance. The testimony was given under defendant's objection, and the court evidently allowed it out of abundance of caution and with the belief that plaintiff would show *its* materiality. At the close of the testimony the court made an order striking it out upon the ground that it was in no way rebuttal, and that the witness did not appear ever to have seen fee-book 13, and the alleged copying was in no way connected with the loss of the book.

We think the ruling of the court was correct. Counsel has failed to point out how the evidence could be even claimed to be in rebuttal, and we have been unable to discover anything in the record which it tended to rebut. It is argued that the testimony tended to show that Hall was making a false fee-book for the original No. 13. This could not be the effect of the testimony unless we are to presume that the book from which Hall was dictating was fee-book No. 13, and that the witness was not only making a copy but a false and pretended copy of said book. We cannot presume that the testimony was admissible for any purpose except such purpose as we can find in the record and the rational legal inferences therefrom. The defendant Hall was asked two or three questions in cross-examination as to whether or not he as recorder kept two sets of fee-books, and if he did not with the assistance of a copyist make a duplicate of No. 13. These questions were objected to and the objections sustained upon the ground that they were not proper cross-examination and immaterial. It is argued that the questions should have been allowed for the purpose of showing that the book turned over by Hall was a duplicate and not the original. If such was the purpose of the questions, the direct question should have been asked in such manner as to show the aim of counsel. Hall had, in direct examination, testified that he left the fee-book in the office in the usual place. Counsel had the right in cross-examination to show that this statement was not true, but if it could have been shown, the question should have been as to whether or not the book left was the original or a duplicate. The witness in other parts of his testimony said that he never had but one fee-book No. 13 and that he never kept two sets of fee-books.

While it would, perhaps, have been better practice for the court to have allowed the questions, we do not think the rulings, even if error, of sufficient importance to justify a reversal of the case. The questions were not directed to the purpose of showing that a book was made or manufactured which was false and not in fact a duplicate. If the questions had been asked in such manner as to clearly show the object to be the solicitation of evidence tending to show that a false fee-book was made by defendant Hall, and that this book and not the original was the one left in the office, the court no doubt would have allowed them. We have examined the other alleged errors and find nothing therein that would justify a reversal of the case.

The judgment and order should be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Van Dyke, J., Garoutte, J.