[Civ. No. 248.   Third Appellate District.—February 9, 1907.]

## ROBERT P. JANSEN, Appellant, v. SOUTHERN PACIFIC COMPANY, Respondent.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INSTRUCTION—APPLICABILITY TO EVIDENCE.—In an action to recover for injuries alleged to have been sustained by defendants' train while plaintiff was crossing the track, where the evidence clearly shows that if plaintiff and defendant were both negligent, their negligence was contemporaneous and concurrent, and extending up to the very time of the accident, an instruction to the effect that if the jury believe that plaintiff

did not exercise reasonable and ordinary care to prevent the injury he cannot recover, notwithstanding defendant's negligence, unless it was gross, willful and intentional, is not objectionable, for not using the words "proximate contributory negligence," nor for not stating the rule of "the last clear opportunity."

Id.—"Proximate Contributory Negligence"—Definition.—"Proximate contributory negligence" is that negligence of plaintiff which in a natural and continuous sequence, unbroken by any independent cause, contributes to the injuries, and without which the injuries would not have occurred.

Id.—Contributory Negligence of Traveler Crossing Track—Failure to Look and Listen.—It is the duty of a traveler when attempting to cross a railroad track to look and listen for an approaching train, and it is contributory negligence for him to expose himself to danger without making any effort to ascertain whether a train was approaching by which he was injured.

Id.—Instructions to be Read Together—Proximate Contribution.—Instructions are to be read together; and where an instruction was embodied in the charge as to the negligence of plaintiff, cautioning the jury that they must find whether "plaintiff was guilty of negligence which proximately contributed to his injuries," the omission of "proximate contributory negligence" in the particular instruction objected to was not prejudicial.

Id.—Inapplicable Instruction—"Last Clear Opportunity"—Actual Knowledge of Peril Essential.—An instruction as to the "last clear opportunity" was wholly inapplicable where there was nothing in the evidence to support it. It is essential to the applicability of the doctrine of later negligence of the engineer that he must have been actually aware of plaintiff's danger in time to have obviated it; and where the evidence shows that after his discovery of plaintiff's peril and inattention to danger the engineer did all he could to prevent the accident, no later negligence on his part existed.

Id.—Instruction as to Willful Injury not Prejudicial.—Though defendant would have no right in any event to injure the plaintiff wantonly, willfully and with an intentional purpose to hurt him, and though an instruction on that subject might have been eliminated, owing to the fact that there was no issue or evidence as to wanton and intentional injury, its presence could not prejudice the appellant.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. S. P. Hall, Judge.

The facts are stated in the opinion of the court.

D. M. Delmas, and Gibson & Woolner, for Appellant.

P. F. Dunne, for Respondent.

BURNETT, J.—This is an action for damages. It was occasioned by serious personal injuries received by appellant at Encinal station, Alameda, on the railroad of respondent, and which were due, so it is alleged, to the negligence of respondent in running its train "at an improper and negligent rate of speed and at an improper and negligent point of time without notice of warning of any kind whatever, and so negligently that it ran upon said plaintiff and threw him to the ground."

The case is somewhat unique in this, that no objection by either party was made to any of the testimony; only five simple instructions were requested by appellant, and three by respondent; without substantial modification they were all given by the court and the verdict of the jury was in favor of the corporation.

By the learned counsel for the appellant only one point is deemed sufficiently vulnerable to merit attention and invite attack. With commendable brevity and simplicity it is urged that prejudicial error was committed by the court in giving the following instruction: "I instruct you that it was the duty of the plaintiff to have a reasonable regard for and pay such reasonable attention as a reasonable man under such circumstances should pay to the preservation of his own life and limb, and if the jury believe from the evidence that he did not on that occasion exercise such reasonable and ordinary care as the average reasonable man would exercise under like conditions, he cannot recover in this action, whatever may have been his injuries, or whatever the negligence of the defendant, unless the negligence of the defendant was gross, willful and intentional and exhibited an intentional purpose to hurt him." It is suggested that this instruction is open to two objections—that is, in attempting to state the rule of contributory negligence the essential element of "proximate" contribution has been omitted, and again, that it takes no account of the doctrine of the "last clear opportunity," or, as aptly expressed by appellant's counsel: "It tells the jury, in effect, that, even though the engineer discovered the plaintiff in time to have avoided injuring him by the use of ordinary care, yet, he was not guilty of actionable negligence, though he failed to use such care, unless he purposely ran over him, with the intention of hurting him."

In support of each objection one authority is cited, and no

fault can be found with the doctrine of either. The first is found in Deering's Digest, volume 2, page 2058, No. 123, and is as follows: "The rule releasing a defendant from responsibility for damages because of the negligence of the plaintiff is limited to cases where the act or omission of the plaintiff is the *proximate* cause of the injury." It is hard to conceive of any authority holding differently. In support of the second objection appellant invokes the case of *Harrington* v. *Los Angeles Ry. Co.*, 140 Cal. 514, [98 Am. St. Rep. 85, 74 Pac. 15], wherein it is declared that "no purpose or design . . . to injure was essential to defendant's liability."

In the consideration of the first objection is involved the significance of the expression, "proximate cause." The term scarcely needs definition, as it is so familiar to the profession. Shearman and Redfield, in their work on Negligence, section 26, however, declare that "the proximate cause of an event must be understood to be that which in a natural and continuous sequence, unbroken by any new independent cause, produces that event, and without which that event would not have occurred." "Proximate contributory negligence," then, must be that negligence which "in a natural and continuous sequence, unbroken by any new independent cause," contributes to the injuries and without which the injuries would not have occurred. But it is apparent from the evidence in the case that the occasion did not demand the definition of "proximate contributory negligence," and it is equally obvious that the omission from the instruction of the word "proximate" or its equivalent could not have prejudiced the appellant. This is indubitably so because there could be no controversy as to whether appellant's "contributory negligence" was proximate or not. The evidence all shows that appellant's negligence, assuming it to exist, continued up to the very moment of the accident, "unbroken by any new independent cause and without which that event would not have occurred." This is manifest from the testimony of appellant himself. In his account of the accident he says: "I boarded the first car, the smoking car—next to the tender. I was going to the city. After I got on the platform I turned around and saw my wife; she made a motion with her hand, as I understood to recall, signaling to come back. . . . My intention was to come down again the way I came up on that platform, but there were people getting on there still, so I

stepped off on the other side, the north side of the train. . . . My purpose was to go to the sidewalk and wait until that train had withdrawn from the station and go to my wife and see what she required of me when she recalled me. . . . The train was headed toward the west, and I was turned northeast with my back toward the engine. I was going to the northeast corner of Lafayette street and Encinal avenue. In order to do that I had to cross the northerly track. The northern and southerly tracks are 11.95 feet apart. During the six years I had traveled there I had observed that the trains never met there at the station, according to a rule of the company of which I had read, that the train would not pass on the double track in Alameda, at stations. After stepping off the car I was not conscious of anything; I didn't even feel the blow. As I got off to cross that track on the northerly side of the train I was leaving I did not turn at all in the direction in which the train might be coming from the mole. I stepped down with my back in that direction. *I did not stop to look or listen or to see* if any train was coming. I may have taken two or three steps. I couldn't say whether I got to the track, whether I was between the rails or at the side of the track. I think I got hit almost immediately after I got off the train.''

From the foregoing account it could be argued plausibly that at any moment from the time he left the train until he was struck, plaintiff could have avoided the accident by the use of ordinary caution—such caution as ''a person of ordinary prudence would use for his own protection under the same circumstances, in view of the danger to be avoided.'' That plaintiff's negligence was the ''proximate'' contributing cause of the injury is not open to discussion, if he was guilty of any negligence at all. That he was actively at fault in voluntarily exposing himself to danger without making any effort to ascertain whether a train was approaching from the opposite direction seems established by the weight of authority. The doctrine of the cases is embodied in the following quotations from Shearman and Redfield, section 476: ''It is a rule of almost invariable application that a traveler who knows or is bound to know that he is about to cross the track of a railroad, upon which trains may lawfully run at greater speed than ordinary vehicles upon highways, must look and listen for approaching trains before even attempt-

ing to cross the track. He must do this every time that he crosses the track, even if he goes to and fro. He should in this manner make sure that the crossing is safe and clear before using it. He ought not to take any chances. A traveler must look in every direction from which engines could possibly come. . . . *One who stands or lingers on the track must continually look and listen.* . . . It is no excuse for failure to look and listen that the traveler did not think, just then, about the railroad or its dangers, or that his attention was diverted by some trivial matter, *or that he believed that all trains stopped short of the crossing, or that no regular train was due,* or that a train *had recently passed,* or that the usual or statutory *signals of approaching trains were not given.*"

The decisions of our supreme court are to the same effect. (*Holmes* v. *Southern Pac. C. Ry. Co.,* 97 Cal. 161, [31 Pac. 834] ; *Bailey* v. *Market St. Ry.* Co., 110 Cal. 323, [42 Pac. 914] ; *Everett* v. *Los Angeles etc. Ry. Co.,* 115 Cal. 105, [43 Pac. 207, 46 Pac. 889] ; *Sego* v. *Southern Pacific Co.,* 137 Cal. 405, 406, [70 Pac. 279].) Hence with some reason defendant might have contested the propriety of submitting to the jury at all the question of negligence. However, in view of the conflict in the evidence as to whether respondent transgressed its rule in reference to trains passing at the station and as to whether the usual signals were given, and keeping in mind the testimony of appellant that he relied upon said rule, it may have been proper to allow the jury to determine whether under all the circumstances appellant was chargeable with such contributory negligence as to preclude recovery. But assuredly no question could arise as to whether that "contributory negligence" was proximate or otherwise. Again, the instructions must be read together, as the authorities hold, and it is not necessary for one to contain all the elements when the omission is supplied by other instructions. What the court meant by the negligence of plaintiff is shown by four instructions given at the request of plaintiff. They conclude with this caution: "unless you further find that the plaintiff was guilty of negligence which *proximately contributed* to his injuries." There could have been on the subject no misunderstanding in the minds of the jurors.

What has been said will apply in part to the further animadversion of appellant. There was no room for the application of the doctrine of "earlier and later negligence," or, as some of the decisions express it, "of the last clear opportunity." The negligence of plaintiff and the negligence of defendant, assuming them to exist, were, without controversy, contemporaneous and concurrent and extending up to the very time of the accident. And if we are to apply the strict doctrine of *Everett* v. *Los Angeles Co.*, 115 Cal. 128, [43 Pac. 207, 46 Pac. 889], the rule could not apply because of the continuing neglect of plaintiff and his ability at any moment up to the time of the accident, by the exercise of the slightest care and effort, to put himself out of danger. But to justify the instruction of which complaint is made it is not necessary to go to the limit of the Everett case. It is sufficient to say that there was no evidence of any last clear opportunity, or to show that the negligent acts of the parties were distinct and independent of each other and that the engineer could have stopped the train after knowing of plaintiff's danger. Indeed, as a complete answer to appellant's contention, it is submitted that all the evidence shows that the engineer, after his discovery of plaintiff's dangerous situation, notwithstanding his right to assume that plaintiff would avoid the accident, did all that he could to prevent it. The only evidence that could arouse a suspicion to the contrary is found in the testimony of one R. S. Wheeler, an apparently honest witness, who thinks that when plaintiff stepped upon the track the train was twenty or thirty or fifty feet away. This, however, is merely a guess on his part. In this connection it must be remembered that the doctrine of later negligence rests upon the assumption that the engineer must have been actually aware of plaintiff's danger in time to obviate it and not upon the proposition that by the exercise of more or less diligence he might have *discovered* plaintiff's peril earlier. (*Herbert* v. *Southern Pacific Co.*, 121 Cal. 227, [53 Pac. 651]; *Harrington* v. *Los Angeles Ry. Co.*, 140 Cal. 514, [98 Am. St. Rep. 85, 74 Pac. 15].) The latter case, cited by appellant, affords him no comfort. In that case there was evidence of a "last clear opportunity," and that deceased, realizing his danger, made an earnest effort to escape. The court there, nevertheless, declares that the liability of defendant for his failure to exercise ordinary care to avoid injury **to**

plaintiff who is himself negligent, arises only when he discovers plaintiff in a dangerous position and under such circumstances as preclude the assumption that the injured party *will or can* get out of the way. Of course, in any event, the defendant would have no right to injure the plaintiff wantonly, willfully and with "an intentional purpose to hurt him," but in view of the fact that in the case at bar there was no evidence and no issue raised as to any wanton and intentional injury, this feature might have been eliminated from the instruction in question, but its presence there could not possibly injure appellant.

The judgment and order denying the motion for a new trial are affirmed.

Hart, J., and Chipman, P. J., concurred.