[Sac. No. 1974.   Department One.—January 10, 1913.]

LEUTIE C. SNOWBALL, Executrix of the Last Will and Testament of Milton S. Snowball, Deceased, Respondent, v. H. H. SNOWBALL, Administrator of the Estate of Lucy A. Snowball, Deceased, Appellant.

EVIDENCE—EXCLUSION OF TESTIMONY AS TO CONVERSATION—REVIEW OF RULING—SUBSTANCE OF CONVERSATION NOT SHOWN.—In an action to recover the amount due on promissory notes, which was defended on the ground of want of consideration, where a witness for the defendant had testified that he had a conversation with the payee of the notes, the refusal of the court to permit the witness to state what the conversation was, on the ground that it was immaterial, irrelevant, and incompetent, cannot be deemed erroneous or in itself

constituting ground for reversal, in the absence of any statement made to the trial court showing what the defendant claimed the substance of the conversation to be.

COMPROMISE OF DISPUTED CLAIM—CONSIDERATION—ABSENCE OF GOOD FAITH.—An agreement to settle a claim upon which suit has not been begun is not supported by a sufficient consideration if the party seeking to enforce it knew his claim to be groundless and did not assert it in good faith.

PROMISSORY NOTES—SETTLEMENT OF WILL CONTEST—INTENTION TO CONTEST—EVIDENCE.—In an action on promissory notes given by a mother to her son in settlement of his threatened contest of his father's will, and which was defended on the ground that there was no consideration for the notes due to the fact that the payee had no intention to make such contest at the time the notes were executed, the refusal of the court to permit a witness for the defendant to answer the question whether or not, about one month before the settlement, the payee had stated he had no intention of contesting the will and was satisfied with it, will not be deemed sufficiently prejudicial to require a reversal where there was no indication as to the nature of the answer the witness would have made to the question, and the evidence introduced left no doubt that the son subsequently had the intention to contest.

APPEAL from a judgment of the Superior Court of Yolo County. H. M. Albery, Judge presiding.

The facts are stated in the opinion of the court.

Arthur C. Huston, for Appellant.

Charles W. Thomas, Charles W. Thomas, Jr., and Hudson Grant, for Respondent.

SHAW, J.—The defendant appeals from the judgment and presents the proceedings at the trial upon a bill of exceptions.

On March 7, 1906, Lucy A. Snowball executed to Milton S. Snowball two promissory notes, one for one thousand five hundred dollars, due two years thereafter, and the other for five hundred dollars, due three years thereafter. Afterward both the payer and payee died. This action was begun by the executrix of Milton S. Snowball's estate to recover from the estate of Lucy A. Snowball the amount due on said notes. After hearing the evidence the court below directed the jury to return a verdict for the plaintiff for the amount due upon

the notes. This was done and a judgment was entered accordingly.

The defense set up in the answer was that there was no consideration for the notes sued on. There was also an attempt to allege that the notes were procured by fraud exercised upon the maker by the deceased, Milton S. Snowball, and Leutie A. Snowball. Defendant charges that Milton and Leutie, for the purpose of inducing their mother to execute said notes, falsely stated to her that Milton intended to contest the will of John W. Snowball in order to secure a judgment that he died intestate, that Milton in fact had no intention to make such contest, but that the mother believed he did so intend, and that relying on that belief and on his said declarations that he did so intend, and by reason thereof, she executed the said notes, and that there was no consideration for the said notes. These allegations constitute a detailed statement of the defense that the notes were given without consideration. It is not alleged that they were given in settlement of the threatened contest or to induce Milton to refrain from making the same. The evidence, however, shows that they were given to accomplish that purpose. It is conceded that the evidence admitted was sufficient to establish the fact that the notes were given for a good and sufficient consideration. The only errors alleged are that the court erred in certain rulings excluding evidence offered by the defendant.

John W. Snowball, the husband of Lucy A. Snowball, died on February 5, 1906. He left four surviving children,—namely, Leutie A., Milton S., Leon, and H. H. Snowball. The will of John W. was admitted to probate on March 5, 1906, and Leutie A. Snowball was appointed executrix thereof. The facts shown by the evidence are substantially as follows: John W. Snowball's will was made some two years before his death. It gave to Milton two parcels of land. Milton had been living upon one parcel and paying the taxes thereon for some ten years and claimed that it belonged to him. The other tract was sold by John W. before his death. The will also gave to Leon bank stock of the value of two thousand dollars. Milton and Leon were dissatisfied with the provisions of the will in their favor and made threats to the mother, Lucy, and to their sister, Leutie, that they would

initiate a contest against it. Thereupon a settlement agreement was made between these four in pursuance of which said contest was abandoned. This agreement was made on the seventh day of March, 1906, and the notes in controversy were executed as a part thereof. In substance, the agreement was that Milton was to receive five thousand dollars and Leon was to receive the sum of five thousand dollars, in consideration whereof, they were to refrain from making the contest. Leutie was to give three thousand dollars to Leon and two thousand dollars to Milton, and Lucy, the mother, was to execute the two notes to Milton amounting to two thousand dollars, and Milton was to accept the lot which had not been sold and of which he claimed to be the owner, in lieu of one thousand dollars of the five thousand dollars to be received by him. In pursuance of this agreement Leutie gave the three thousand dollars to Leon and the two thousand dollars to Milton. Lucy executed to Milton the two notes sued on, and Milton and Leon thereupon executed to Leutie conveyances of all of their interest in the estate of their said father. Leutie agreed that upon the settlement of the father's estate she would reconvey the said home place to Milton. As a matter of fact they did abandon the contest and no such contest was ever filed or instituted.

H. H. Snowball was called as a witness for the defendant and he testified that after John W. Snowball's death and before his will was filed for probate, he had a conversation with Milton in regard to contesting his father's will. The will was filed on February 17, 1906. He was asked to state what the conversation was and the court refused to allow the question to be answered on the ground that it was immaterial, irrelevant, and incompetent. This ruling is assigned as error, The defendant made no statement to the court showing what he claimed the substance of the conversation to be, hence, it cannot be determined whether the exclusion of the evidence was erroneous or not, and this ruling of itself constitutes no ground for reversal. (*Marshall* v. *Hancock,* 80 Cal. 84, [22 Pac. 61]; *Houghton* v. *Clarke,* 80 Cal. 420, [22 Pac. 288]; *Taylor* v. *Kelley,* 103 Cal. 186, [37 Pac. 216].) As was observed in *Marshall* v. *Hancock,* "the conversation, if there was one, may have been about a matter entirely aside from the matter under investigation."

The witness was then asked whether or not after the father's will was read which was a few days after his death on February 5th, and before March 7, 1906, he had a conversation with Milton wherein Milton stated that he was satisfied with his father's will and had no intention whatever of contesting the same. An objection that this question was immaterial, incompetent, and irrelevant was sustained. A similar question as to a conversation after the seventh day of March was also excluded. It is claimed that these rulings are erroneous.

The evidence of the settlement agreement, of which the notes constituted a part, was introduced by the defendant, it is clear and positive, and there is no claim that it is not substantially correct. Milton and Leon, in consideration of the money and notes received by them, respectively, not only agreed not to contest the will, but each also conveyed to Leutie all his interest in the estate, thereby divesting himself of the right to make such contest. (Code Civ. Proc., sec. 1327; *Estate of Edelman,* 148 Cal. 236, [113 Am. St. Rep. 231, 82 Pac. 962]; *State* v. *Superior Court,* 148 Cal. 56, [2 L. R. A. (N. S.) 643, 82 Pac. 672]; *Estate of Wickersham,* 153 Cal. 612, [96 Pac. 311].) This conveyance was necessary in order to make the settlement secure and it formed a material part of the consideration for the notes. It is true that an agreement to settle a claim upon which suit has not been begun is not supported by a sufficient consideration if the party seeking to enforce it knew his claim to be groundless and did not assert it in good faith. (*McGlynn* v. *Scott,* 4 N. D. 24, [58 N. W. 460]; *McClure* v. *McClure,* 100 Cal. 343, [34 Pac. 822].) The answer to the question, if affirmative, might perhaps tend to prove bad faith in Milton. But a person's intentions readily change. An expression of intent at one time is but slight evidence that it has continued to a subsequent time, especially when, as here, the contrary purpose is positively declared on the subsequent occasion and is followed up by action to the extent of conveying a valuable right and interest. Counsel did not even state to the trial court that he expected an affirmative answer. It would have been better policy for that court to have admitted the evidence, but under the circumstances and in the absence of any indication as to the nature of the answer, we deem the error, if it can be so termed, to

be too trivial to justify a reversal. Declarations of intent not to contest, made after the settlement, would be entirely consistent therewith and would not tend to impeach the settlement agreement or to show bad faith in making the claim.

A considerable part of the discussion in the appellant's brief relates to the question of confidential relations and the effect thereof upon the duty of one to show good consideration for a contract in his favor made by another party to whom he stands in confidential relations. We do not think this question is of any importance. Although the relation between Milton and Lucy was that of parent and child, it is clear from the evidence that there was no confidential relation between them sufficient to impose upon him any duty to have his mother call in independent advice in the matter. Furthermore, the evidence also shows that the settlement was made upon the advice of an attorney called for that purpose by the mother herself.

There are no other points of sufficient importance to deserve mention.

The judgment is affirmed.

Sloss, J., and Angelotti, J., concurred.

Hearing in Bank denied.