[Civ. No. 10405.   Second Appellate District, Division Two.—October 10, 1935.]

ARTHUR M. GRANDY, Appellant, v. SOUTHERN PACI-
FIC COMPANY (a Corporation) et al., Respondents.

Albert J. Morrissey and Paul Blackwood for Appellant.

W. I. Gilbert for Respondents.

McCOMB, J., *pro tem.*—This is an appeal from a judgment in favor of defendants entered after the trial court granted defendants' motion for a directed verdict.

Viewing the evidence most favorably to plaintiff (*Newson* v. *Hawley,* 205 Cal. 188, 189 [270 Pac. 364]), the facts in the instant case are:

That plaintiff was struck by a box car propelled by a switch engine which was backing across a driveway-sidewalk on a curve in a northeasterly direction on Alameda Street in the city of Los Angeles. Plaintiff was pursuing a route, customarily followed by him over a period of five years, west on Bay Street to the intersection of Bay and Alameda Streets and thence north on Alameda Street. He had on numerous occasions observed the switching of trains over the driveway-sidewalk.

There was no watchman or flagman at the crossing, although it was a rule and custom of the company to have a flagman on duty when the crossing was being used by trains. No warning signal of any sort was given by the train crew.

Plaintiff, while walking in a westerly direction on Bay Street and about twelve to fifteen feet from Alameda Street, observed to his left, standing still, a box car in Alameda Street on the "coach yard lead". He continued to walk in a westerly direction to the intersection of Bay and Alameda Streets, at which point he again observed the box car in the same place as before, standing still. He then turned and walked in a northerly direction on Alameda Street for approximately thirty feet, at which point he was struck in the back by defendants' box car. The last eight or ten feet of plaintiff's course was traversed on defendant's track between the rails. *From the time plaintiff turned north on Alameda Street until he was struck he did not again look to see if the box car was in motion.*

Plaintiff claims that the trial court erred in granting a motion for a directed verdict for the reason that the above

facts did not as a *matter of law* constitute *contributory negligence.*

We have reviewed the evidence and are of the opinion that reasonable men could draw only one conclusion from it; namely an inference pointing unerringly to the fact that, had plaintiff used ordinary care for his safety and looked *at any time,* after turning north on Alameda Street and before stepping on the railroad track, at the box car, which he knew was behind him, the accident would have been prevented and he would not have been injured. Plaintiff was therefore guilty of *contributory negligence as a matter of law* and the motion for a *directed verdict* was properly granted.

This is in accord with the view of our Supreme Court in the case of *Chrissinger* v. *Southern Pacific Co.,* 169 Cal. 619 [149 Pac. 175]. Mr. Justice Melvin, speaking for the court, says at page 624:

"A person approaching a railway track, which is itself a warning of danger, must take advantage of every reasonable opportunity to look and listen. Undoubtedly the question of contributory negligence or freedom from it is ordinarily one for the jury, but where, as here, the standard of conduct is so obvious as to be applicable to all persons, and the plaintiff has failed to measure up to that standard under the circumstances shown, he is not entitled to have his case go to the jury. (*Hamlin* v. *Pacific Electric Ry. Co.,* 150 Cal. 776, 779 [89 Pac. 1109].)"

In *Green* v. *Los Angeles Terminal Ry. Co.,* 143 Cal. 31, 45 [76 Pac. 719, 201 Am. St. Rep. 68], Mr. Justice Lorigan quotes with approval from *Olson* v. *Northern Pacific R. R. Co.,* 84 Minn. 258 [87 N. W. 843], a case wherein the deceased was killed while attempting to cross a railroad track. The court said:

"We are unable to find in the record any excuse for intestate's disregard of his obvious duty to himself to use his eyesight at the time when he could easily have discovered the danger of collision, *which was up to the very moment he stepped upon the main track.*

"Until then he had full control of his movements. He could, *by the slightest movement of his head towards the east, have discovered his hazard, and by the slightest check of his movements have avoided the same.* Under such cir-

cumstances his obvious want of care must preclude a recovery in this case."

To the same effect are *Koch* v. *Southern California Ry. Co.,* 148 Cal. 677 [84 Pac. 176, 113 Am. St. Rep. 332, 7 Ann. Cas. 795, 4 L. R. A. (N. S.) 521]; *Pietrofitta* v. *Southern Pacific Co.,* 107 Cal. App. 575 [290 Pac. 597]; *Walker* v. *Southern Pacific Co.,* 38 Cal. App. 377 [176 Pac. 175]; *Jansen* v. *Southern Pacific Co.,* 5 Cal. App. 12 [89 Pac. 616]. An examination of the cases cited by plaintiff will reveal that each is distinguishable on its facts from the case before this court.

▮ Plaintiff was called and sworn as a witness and testified that during a period of five years he had on probably ten occasions seen cars and switch engines backing over the driveway-sidewalk crossing, where the accident occurred. He was then asked: "Now at those times, would there or would there not be any person down there at the crossing?"

Objection being interposed to the question, it was sustained. This ruling plaintiff asserts was prejudicial error. Prejudicial error will not be presumed in a ruling of the trial court sustaining an objection to the introduction of evidence. If error is alleged to exist, it must be made to appear affirmatively in the record. (*Snowball* v. *Snowball,* 164 Cal. 476, 480 [129 Pac. 784]; *County of Sonoma* v. *Hall,* 129 Cal. 659, 662 [62 Pac. 213]; *Marshall* v. *Hancock,* 80 Cal. 82, 83 [22 Pac. 61].)

▮ Where a question to which an objection is sustained does not itself indicate that the answer to it will be favorable to the party seeking to introduce the testimony, before the ruling will be reviewed on appeal by this court, an offer of what is proposed to be proven must first be made to the trial court, so that this court can determine whether the proposed evidence would have been *material* and *beneficial* to the party offering the evidence. (*County of Sonoma* v. *Hall, supra; Marshall* v. *Hancock, supra; Whitelaw* v. *Whitelaw,* 122 Cal. App. 260, 263 [9 Pac. (2d) 874].)

There was nothing in the question asked to indicate the answer nor was any offer of proof made which even indicated that counsel expected an affirmative answer to the question. (*Snowball* v. *Snowball, supra.*) Therefore the record fails to show any error in this ruling.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 6, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 5, 1935.