[Civ. No. 10564. Second Appellate District, Division Two.—November 26, 1935.]

GEORGE ABRAMS et al., Appellants, v. ESTHER W. HUBERT et al., Respondents.

Benjamin Chipkin for Appellants.

W. I. Gilbert for Respondents.

McCOMB, J., *pro tem.*—This is an appeal by plaintiffs from a judgment in favor of defendants after a trial before a jury of an action brought to recover damages resulting from an automobile accident.

Viewing the evidence most favorable to defendants (*Ah Gett* v. *Carr*, 3 Cal. App. 47, 48 [84 Pac. 458]), the facts in the instant case are:

Plaintiffs were riding in their automobile in an easterly direction on a rain covered and slippery boulevard, when defendants approached from the opposite direction on the same street at a speed of not more than twenty-five miles per hour. Defendants' car commenced to skid and passed out of control of the driver, colliding with the car in which plaintiffs were riding. Plaintiffs saw the defendants' car skidding when the cars were at least one hundred feet apart, but their car was not stopped nor the brakes applied until there was only a distance of about six feet between the two cars.

Plaintiffs rely for reversal of the judgment on three propositions:

*First: The evidence is insufficient to support the verdict of the jury.*

*Second: The trial court committed prejudicial error in (a) instructing the jury and (b) refusing to give certain instructions requested by plaintiffs.*

*Third: The trial court committed prejudicial error in sustaining an objection to the question, "Now, Mr. Williams, bearing in mind the condition of the road on that particular day, bearing in mind that you are traveling at about 20 to 25 miles an hour, now, if you took your foot off the gas would you go into a skid?"*

As to plaintiffs' first proposition, an examination of the record discloses there was sufficient evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain each and every material finding of fact upon which the verdict in favor of defendants was necessarily predicated. We therefore refrain from further discussion of the evidence. (*Leavens* v. *Pinkham & McKevitt*, 164 Cal. 242, 245 [128 Pac. 399]; *Koeberle* v. *Hotchkiss*, 8 Cal. App. (2d) 634 [48 Pac. (2d) 104].)

Turning to the second proposition, an examination of the record fails to reveal any prejudicial error committed by the trial court either in (a) instructing the jury or (b) refusing to give instructions requested by plaintiffs. The jury was fully and fairly instructed as to the principles of law necessary for it to consider in deciding this case.

■ ˙ The final proposition upon which plaintiffs predicate error· may not be urged here. ■ Where a question to which an objection is sustained does not itself indicate that the answer to it will be favorable to the party seeking to introduce the testimony, before the ruling will be reviewed on appeal by this court, an offer of what is proposed to be proven must first be made to the trial court, so that we can determine whether the proposed evidence would have been *material* and *beneficial* to the party offering it. (*Grandy* v. *Southern Pacific Co.*, 9 Cal. App. (2d) 441 [49 Pac. (2d) 1127] ; *County of Sonoma* v. *Hall*, 129 Cal. 659, 662 [62 Pac. 213] ; *Marshall* v. *Hancock*, 80 Cal. 82, 84 [22 Pac. 61] ; *Whitelaw* v. *Whitelaw*, 122 Cal. App. 260, 263 [9 Pac. (2d) 874].) In the instant case the question asked did not indicate the answer anticipated nor was there an offer of proof. Therefore the record fails to show any error in this ruling.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 23, 1936.