[Civ. No. 10672. Second Appellate District, Division Two.—February 18, 1936.]

WILLIAM ELLIS LADY, Appellant, v. MARY AGNES PALEN, Respondent.

William Ellis Lady, *in pro. per.,* and Webster Hazlehurst for Appellant.

Andrew J. Copp, Jr., for Respondent.

McCOMB, J., *pro tem.*—This is an appeal by plaintiff from a judgment in his favor predicated upon a cause of action for libel after a trial by the court without a jury.

The facts are:

November 16, 1934, defendant wrote and sent to a client of plaintiff, an attorney at law, a letter reading in part as follows:

"You have also further involved complications by employing Attorney (?) Lady, who is undoubtedly the vilest and most unscrupulous snake in Los Angeles or elsewhere, and who stoops to any and all villany and baseness to accomplish his ends, even to the extent of forcing a child to perjure herself against her own father, or any other form of unethical *tatics.*

"Perhaps you may feel that you have been grossly cheated (I hope you have not, but can assure you that if you remain in Los Angeles and deal with such crooks as Fisher and Lady, you will undoubtedly have that experience) if so perhaps you may also feel that you are retaliating, but you are depriving innocent and elderly people of their only home and just rights. . . . "

The trial judge rendered judgment in favor of plaintiff for the sum of $1 nominal damages and $200 punitive and exemplary damages.

█  Plaintiff relies for reversal of the judgment on the sole proposition that *the trial court erred in awarding only nominal damages.*

The trial court found that plaintiff had not been injured or prejudiced in his reputation as an attorney at law and had not lost or been deprived of any gains or profits which otherwise would have accrued to him in his profession and business and that he had suffered no actual or general damage whatsoever except nominal damage of the value of one dollar ($1). This finding must be sustained, since plaintiff has not

directed our attention to any evidence contrary thereto. No error therefore appears in the record. (*Snowball* v. *Snowball*, 164 Cal. 476, 480 [129 Pac. 784]; *County of Sonoma* v. *Hall*, 129 Cal. 659, 662 [62 Pac. 213]; *Marshall* v. *Hancock*, 80 Cal. 82, 83 [22 Pac. 61].)

It is deplorable and defendant is to be severely censured for having so far disregarded the proprieties exacted of every citizen as to have made the unjustified and derogatory statements contained in her letter; however, we must presume in the absence of a contrary showing that the trial judge was so thoroughly satisfied of the untruth and inaccuracy of the statements, coupled with the excellent professional reputation of the plaintiff, as to have been convinced that he had suffered no actual damage.

Only errors urged by appellant will be reviewed by this court (*Trevaskis* v. *Peard*, 111 Cal. 599, 600 [44 Pac. 246]; *Klauber* v. *San Diego Street Car Co.*, 98 Cal. 105, 108 [32 Pac. 876]; *Garibaldi* v. *Grillo*, 17 Cal. App. 540, 541 [120 Pac. 425]), therefore we will not consider defendant's contention that there should not have been an award of exemplary and punitive damages.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 16, 1936.