[Civ. No. 11024.   Second Appellate District, Division One.—November 7, 1936.]

AGNES THOMPSON, Appellant, v. BUFFUMS', INC. (a Corporation), Respondent.

402

Russell H. Pray, J. R. Girling and John F. McCarthy for Appellant.

Joe Crider, Jr., and John J. Ford for Respondent.

WHITE, J., *pro tem.*—The jury returned a verdict in favor of defendant in this action commenced by plaintiff to recover damages for personal injuries sustained in a fall while walking down stairs maintained by defendant at its store in the city of Long Beach. Judgment for defendant was entered upon the verdict, from which plaintiff appeals.

Each step of the stairway in question was equipped with what is known as ''Wooster Safety Tread''. The tread consisted of a metal strip. When the metal strip was manufactured and originally installed it contained certain grooves. Between each groove was a raised metal abrasive strip. The safety feature of the tread consisted of a combination of open grooves and abrasive strips. Every alternate groove was open and the others were filled in with lead. Some time after the installation of the stairway in the store, the alternate grooves which were open were also filled in with lead.

With this accomplished, all the grooves were filled in, evidently because it was easier to sweep the tread if all of the grooves were filled than if each alternate groove were open. At the time of the accident here in question, a strip of this lead which had been filled in the groove on the tenth step had in some way, not apparent from the evidence, been removed from the groove next to what is termed the ''nose'' of the tread, leaving an open space about eighteen inches long in the groove. It was upon this step that plaintiff's shoe was caught, and she fell. In its answer defendant denied that the stairway was in a dangerous or defective condition; that it had any knowledge or notice thereof; and as separate defenses alleged that plaintiff's injuries were the result of an unavoidable accident and that plaintiff was herself guilty of contributory negligence.

Appellant earnestly urges a reversal, mainly on the ground that the trial court erred in excluding evidence of prior accidents claimed to have occurred in respondent's store. In that connection, the record discloses the following: R. H. Cochran, assistant superintendent of respondent's store, was called as a witness under section 2055 of the Code of Civil Procedure. In substance, he testified that he had been employed by respondent for fifteen years and had been assistant superintendent for seven or eight years; that for a number of years his position required his presence on the first floor, and that he was familiar with the stairs upon which appellant fell; that he was aware of the fact that the lead filling was gone from the tenth step prior to the date of appellant's accident. The following questions were then propounded to him by appellant's counsel:

''Q. During that time, and at any period before the date on which Mrs. Thompson fell, have any other women fallen upon these particular stairs?

''Mr. Crider: I object to that as calling for a conclusion of the witness, and unless he was there and saw it, it would be incompetent, irrelevant and immaterial.

''The Court: Objection sustained.

''Mr. Pray: Has it occurred, to your knowledge, in your official capacity during the seven years you have been on that floor, that any other women have fallen on those stairs?

''Mr. Crider: I object to that as incompetent, irrelevant and immaterial, whether they did or whether they didn't.

The fact it might have come to his knowledge, if any did fall, is irrelevant, incompetent and immaterial. It would not have anything to do with the circumstances and can serve no useful purpose at all.

"The Court: Will counsel approach the bench?

"(Consultation at the bench.)

"The Court: The objection will be sustained."

It is contended by respondent that this testimony was inadmissible because it called for hearsay testimony and brought into the case a collateral issue; that in any event there was no showing that the circumstances and conditions of the previous accidents were similar to those in the case at bar. Respondent also urges that no offer of proof was made which would indicate that the answers to the questions propounded and to which objections were sustained would have been favorable to appellant; in the absence of which it is asserted error cannot be predicated upon the rulings of the trial court. The specific ground of objection was: First, that the questions called for the conclusion of the witness and were incompetent, irrelevant and immaterial unless the witness was present and saw the accident. Further objecting, counsel urged that even if other people had fallen on the stairs in question, such testimony was nevertheless incompetent, irrelevant and immaterial, and "could not have anything to do with the circumstances and can serve no useful purpose".

While it is true that evidence as to previous accidents is admissible upon the general proposition that testimony of previous accidents tends to show the dangerous character of the place; tends to disclose the cause of the later accident, and bring home to the person maintaining the place where the injury occurred knowledge of the dangerous condition of such place; yet the inquiry as to previous accidents must refer to accidents similar to the one in question, occurring under substantially the same circumstances that surrounded the subsequent accident. (*Long* v. *John Breuner Co.*, 36 Cal. App. 630, 639 [172 Pac. 1132]; *Dyas* v. *Southern Pac. Co.*, 140 Cal. 296, 305, 306 [73 Pac. 972]; *District of Columbia* v. *Armes*, 107 U. S. 519 [2 Sup. Ct. 840, 27 L. Ed. 618]; *Smith* v. *Seattle*, 33 Wash. 481 [74 Pac. 674]; Wigmore on Evidence, sec. 458; *Gorman* v. *County of Sacramento*, 92 Cal. App. 656 [268 Pac. 1083];

*Rafferty* v. *City of Marysville,* 207 Cal. 657 [280 Pac. 118]; *Magnuson* v. *City of Stockton,* 116 Cal. App. 532 [3 Pac. (2d) 30]; Chamberlayne on Modern Law of Evidence, sec. 3198.) ▉ In the instant case, the questions to which objections were sustained did not limit the inquiry to the tenth step on the stairway, where the evidence showed appellant fell and which was admittedly the only step on the stairway from which the lead filling was missing. Any number of persons may have fallen on other steps of this same stairway due to other causes, and yet such evidence would not be relevant or material to show the alleged dangerous condition of the tenth step upon which appellant fell, nor would such evidence tend in any way to bring home to respondent knowledge of the alleged dangerous condition of the step here in question. The question addressed to a witness must show its purpose and the materiality of the evidence sought to be elicited, or an offer of proof is necessary. (38 Cyc., p. 1330.) In the instant case, the questions were not in proper form and did not call for nor admit of an answer relevant to the issues and favorable to the party calling the witness. Therefore it was not error for the trial court to exclude them. (*Buckstaff* v. *Russell & Co.,* 151 U. S. 626, 637 [14 Sup. Ct. 448, 38 L. Ed. 292].) ▉ Notwithstanding that the witness was called under section 2055 of the Code of Civil Procedure and was being cross-examined, there was nothing in the questions asked to indicate, nor was any offer of proof made which indicated, that counsel expected an affirmative answer which would show that previous accidents had occurred under circumstances that indicated their happening due to a dangerous condition existing on the step upon which appellant fell. Prejudicial error will not be presumed in a ruling of the trial court sustaining an objection to the introduction of evidence. If error is alleged to exist it must be made to appear affirmatively in the record. (*Snowball* v. *Snowball,* 164 Cal. 476, 479, 480 [129 Pac. 784]; *County of Sonoma* v. *Hall,* 129 Cal. 659, 662 [62 Pac. 213]; *Marshall* v. *Hancock,* 80 Cal. 82, 83 [22 Pac. 61].) ▉ Where a question to which an objection is sustained does not itself indicate that the answer to it will be favorable to the party seeking to introduce the testimony and upon an issue material and relevant, before the ruling will be reviewed on ap-

peal by this court an offer of what is proposed to be proved must first be made to the trial court, so that this court can determine whether the proposed evidence would be material or relevant and beneficial to the party offering the evidence. (*County of Sonoma* v. *Hall, supra; Whitelaw* v. *Whitelaw,* 122 Cal. App. 260, 263 [9 Pac. (2d) 874]; *Marshall* v. *Hancock, supra,* pp. 82, 84.)

The record failing to show any error in the rulings of the trial court, the judgment, for the foregoing reasons, is affirmed.

York, Acting P. J., and Doran, J., concurred.