[Civ. No. 11381. Second Appellate District, Division Two.—May 26, 1937.]

RALPH H. SWEARINGEN, Respondent, v. CAROLYN DILL, Appellant.

152

Gibson, Dunn & Crutcher and Philip C. Sterry for Appellant.

Charles L. Nichols, Gerald F. H. Delamer and Carleton B. Wood for Respondent.

CRAIL, P. J.—This is an appeal from a judgment in favor of the plaintiff in an action to recover damages for injuries sustained when his motorcycle and the defendant's automobile collided.

The defendant's first contention is that there is insufficient evidence to sustain a finding of defendant's negligence. To sustain this contention she points out a conflict between the testimony of the plaintiff and that of other witnesses and argues that plaintiff's testimony must be

erroneous. Taking the evidence in the light most favorable to the losing party (which is directly contrary to the rule on appeal) and assuming that the facts are as defendant contends them to be, she argues that the defendant could not be guilty of negligence. Here is no question of law for this court to decide on appeal—the fact-finder found the facts to be against her.

The defendant's next contention is that the finding of plaintiff's freedom from contributory negligence is wholly unsupported by the evidence. In support of this contention the defendant again argues the weight and value of the evidence and makes dubious computations in feet and seconds. This again turns out to be a question of fact for the trial court and not a question of law for this court.

■ A witness testified that she was riding in the front seat of the automobile which was following defendant's car; that she saw the collision take place; that she had not driven automobiles herself but had ridden in them and had occasion to glance at speedometers from time to time and that she had formed an opinion of the speed of plaintiff's motorcycle at the time she first saw it. She was then asked the question, "Will you state what that opinion is?" The trial court sustained an objection on the ground that no adequate foundation had been laid. This ruling is the subject of defendant's next complaint. The question did not indicate what the answer would be and no offer of proof was made as to what it would be. There is nothing in the record to indicate that the answer would have been beneficial to defendant. There must be a showing of prejudice in the record to justify the reversal of a judgment. (*Abrams* v. *Hubert*, 10 Cal. App. (2d) 404, 407 [51 Pac. (2d) 884].)

■ Finally, the defendant contends that "the court erred in permitting testimony as to plaintiff's earning capacity after having received evidence as to the amount of medical expense and compensation paid by the insurance carrier and in awarding plaintiff damages in the amount of his lost earnings. . . . The language of the statute is perfectly plain and means exactly what it says: 'If the employee joins in or prosecutes such suit, *either* the evidence of the amount of disability . . . paid or to be paid by the employer or the evidence of loss of earning capacity by the employee shall be admissible, *but not both*, . . . ' (Deering's Gen. Laws, sec. 26, vol. 2, p. 2295.)'' The record dis-

closes that during the trial the parties stipulated that the state compensation fund had paid certain compensation and certain medical expenses to the plaintiff. This was the so-called evidence. The defendant fails to disclose that the stipulation was solely for the purpose of fixing the amount of lien to which the compensation carrier would be entitled in case judgment was rendered in favor of the plaintiff and that the court said the evidence would be used for no other purpose. Furthermore, the defendant's own counsel expressly stated to the court prior to the ruling of the court that he did not think the defendant was prejudiced by the introduction of this evidence and thus invited the court to make the ruling which it did.

Judgment affirmed.

McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 17, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 22, 1937.